Submitted on record and briefs September 7, vacated and remanded
with instructions to reinstate judgment of conviction and sentence
entered on October 23, 2006; otherwise affirmed
November 7, 2007

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# FRANK WAYNE ROSSI,
*Defendant-Appellant.*

Coos County Circuit Court
06CR1331; A134121

171 P3d 1031

Peter Gartlan, Chief Defender, and David Ferry, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

PER CURIAM

## PER CURIAM

Defendant pleaded guilty to one count of manufacturing a controlled substance in violation of ORS 475.992 (Count 1) and four counts of possession of a forged instrument in violation of ORS 165.022. On Count 1, the court imposed a sentence of 24 months' imprisonment. On the remaining counts, the court imposed concurrent sentences of 18 months' probation and 30 days in jail, to run consecutively to the sentence on Count 1.

At the time of sentencing, defendant was already in custody, serving sentences on other convictions. Because the sentencing court did not state otherwise, his sentences were deemed concurrent with the previously imposed sentences that he was already serving. ORS 137.123(1) ("A sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences."). Two days after sentencing, however, the court, without notice to defendant or his counsel, without a hearing, and without obtaining a waiver of any kind from defendant, entered an amended judgment. The amended judgment stated that the imposed jail time "is consecutive to any time defendant [is] now serving on other cases."

On appeal, defendant argues that the sentencing court erred in substantively amending the judgment without notice, outside of defendant's presence, and without a waiver; the state concedes the error. *State v. DeCamp*, 158 Or App 238, 973 P2d 922 (1999). We agree with the parties and accept the state's concession. Furthermore, because defendant was already serving a sentence on other convictions at the time of sentencing, the sentencing court did not have authority to substantively modify the sentence as it did. *See State v. Jacobs*, 200 Or App 665, 675, 117 P3d 290 (2005) (sentences deemed concurrent with previously imposed sentences are "put into effect" immediately, and the trial court lacks authority to subsequently modify the sentences). Accordingly, we vacate the amended judgment and remand to the sentencing court with instructions to reinstate the judgment of conviction and sentence entered on October 23, 2006.

Vacated and remanded with instructions to reinstate judgment of conviction and sentence entered on October 23, 2006; otherwise affirmed.