Argued and submitted March 4; remanded for resentencing, otherwise affirmed March 31; petition for review denied July 29, 2021 (368 Or 511)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MYLES JACOB NEES,
*Defendant-Appellant.*

Clackamas County Circuit Court
18CR39661, 18CR32734, 18CR74028;
A170703 (Control), A170704, A170705

484 P3d 407

Ulanda L. Watkins, Judge.

Eric Johansen, Deputy Public Defender, argued the cause for appellant. Also on the opening brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. Myles Jacob Nees filed the supplemental and reply briefs *pro se*.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for second-degree assault, fourth-degree assault, attempting to elude, reckless driving, recklessly endangering, and other charges after he fled a traffic stop at high speed and crashed into two cars. Defendant makes multiple assignments of error, but most do not provide a basis for reversal. Thus, we reject the bulk of defendant's assignments of error without discussion and address only defendant's contention that the trial court erred in imposing a consecutive sentence on Count 9. The state concedes that the trial court so erred. As we explain below, we agree and accept the state's concession.

During sentencing, the trial court announced on the record that, "[o]n Count 9, Attempt to Elude, out of the vehicle, this is an executed jail sentence of one year, to run concurrent to [Counts] 1, 4, 5, 6, 7, and 8." The judgment, however, reads that, on Count 9, "[f]or the reasons stated on the record, this sentence shall be consecutive to sentence[s] imposed on Count[s] 1, 4, 5, 6, 7, 8." Defendant contends that the court erred in changing the sentence from the concurrent sentence expressed orally at the hearing to the consecutive sentence, imposed outside of his presence. The state concedes that the court erred. We agree that the trial court erred and accept the state's concession. *See State v. Rossi*, 216 Or App 168, 169, 171 P3d 1031 (2007) (trial court erred in changing sentence from concurrent to consecutive outside of the defendant's presence and without a waiver).

Remanded for resentencing; otherwise affirmed.