DeVORE, J.
*127 After judgment of conviction on a number of offenses, defendant appeals the conviction for first-degree assault. That offense is defined as "[i]ntentionally caus[ing] serious physical injury to another by means of a deadly or dangerous weapon." ORS 163.185. The trial court responded to a jury question by instructing that "the defendant need not be shown to have intended the seriousness of the injury that was the result of his actions, only that he acted intentionally in committing his actions in assaulting the victim." Defendant argues that the court's instruction was contrary to our decision in State v. Peacock , 75 Or. App. 217, 706 P.2d 982 (1985). The state argues that Peacock was wrongly decided, relying on the Supreme Court's subsequent decision regarding second-degree assault in *198 State v. Barnes , 329 Or. 327, 986 P.2d 1160 (1999). We agree with defendant and conclude that the trial court erred in its supplemental instruction to the jury. We reverse and remand the judgment as to the conviction for first-degree assault; remand for resentencing; and otherwise affirm.
Defendant was charged and convicted on a count of first-degree assault, as well as other offenses, arising out of an incident in which he struck the victim with a baseball bat. Under ORS 163.185(1)(a),
"(1) A person commits the crime of assault in the first degree if the person:
"(a) Intentionally causes serious physical injury to another by means of a deadly or dangerous weapon[.]"
Defendant was also charged with, and found guilty of, first-degree burglary, second-degree assault, and two counts of unlawful use of a weapon. The convictions on those verdicts, some of which merged, are not at issue on appeal.
At trial, the court initially instructed the jury that "Oregon law provides that a person commits the crime of Assault in the First Degree if the person intentionally causes serious physical injury to another person-or to another by means of a dangerous weapon." After other instructions, the trial court added:
*128 " 'Intentionally and with intent.' A person acts intentionally or with intent when the person acts with a conscious objective to cause a particular result or engage in particular conduct.
"When used in the phrase 'intentionally causes serious physical injury to another by means of a dangerous weapon,' 'intentionally' means that a person acts with a conscious objective to cause serious physical injury by means of a dangerous weapon."
Later, during deliberations, the jury asked the court for clarification regarding the elements of first-degree assault. The jury asked, "Are we determining whether he intended to cause serious injury or if he intended to cause injury which was serious?"
The parties urged different answers, relying on two arguably competing precedents. Defendant relied on Peacock , 75 Or. App. at 223-24, 706 P.2d 982, in which we held that, with respect to first-degree assault, a trial court erred in instructing a jury that a defendant could be convicted of first-degree assault involving a deadly or dangerous weapon if the jury found only that the defendant intended to cause injury but did not necessarily intend serious injury. Peacock required, for first-degree assault, that a jury find intent to cause serious injury. The state relied on Barnes , 329 Or. at 335-38, 986 P.2d 1160, in which the Supreme Court held that a defendant could be convicted of second-degree assault-that which did not involve a deadly or dangerous weapon-if the jury found that a defendant knowingly engaged in assaultive conduct that happened to cause serious physical injury. Knowledge of assaultive conduct sufficed for second-degree assault, even if the defendant was not aware that his conduct would cause serious physical injury.
The trial court agreed with the state and gave a clarifying instruction that followed Barnes , rather than Peacock . The court told the jury:
"You have asked for clarification regarding Assault in the First Degree (Count 5). The state must prove that the defendant intended to assault the victim, and that the result in fact was 'serious physical injury'; in other words, the defendant need not be shown to have intended the *129 seriousness of the injury that was the result of his actions, only that he acted intentionally in committing his actions in assaulting the victim."
Ultimately, the jury found defendant guilty of first-degree assault, among other charges.
On appeal, defendant argues that the court erred in instructing the jury that it need only find that defendant intended to assault the victim, which resulted in serious physical injury. Defendant reiterates that, under Peacock , in order to convict a defendant of first-degree assault, the state must prove that the defendant intended to cause serious physical injury. Defendant asserts that the erroneous instruction was harmful because the jury could have based its verdict on an incorrect theory. In defendant's view, the jury could have found him guilty without *199 finding that the state had proved all of the elements of the offense. The state does not dispute that the trial court's instruction on first-degree assault is contrary to Peacock . The state argues, however, that Peacock is "plainly wrong," both when decided and after Barnes , and that it should be overruled.
We review the trial court's jury instruction for legal error. State v. Wier , 260 Or. App. 341, 345, 317 P.3d 330 (2013). The prospect for error here turns on two questions. First, did Barnes directly overrule the determination in Peacock that, to be guilty of first-degree assault, "the defendant must have intended that the injury be serious?" Peacock , 75 Or. App. at 224, 706 P.2d 982. Or, secondly, does the analysis in Barnes show that our analysis in Peacock is "plainly wrong," such that we should overrule it? See State v. Civil , 283 Or. App. 395, 417, 388 P.3d 1185 (2017) (regarding overruling a prior decision only if it is "plainly wrong"); see also State v. McKnight , 293 Or. App. 274, 278, 426 P.3d 669 (2018) (explaining framework for overruling prior cases).
We first conclude that Barnes did not overrule Peacock . The issue in Barnes was focused on the meaning of only one of several culpable mental states that may be in play in second-degree assault. At issue in Barnes was the culpable mental state, "knowingly," in one of the several forms of second-degree assault. In ORS 163.175, second-degree assault is described as follows:
*130 "(1) A person commits the crime of assault in the second degree if the person:
"(a) Intentionally or knowingly causes serious physical injury to another;
"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or
"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."
As it happened, the defendant in Barnes was only charged with "knowingly" causing serious physical injury to a security guard. 329 Or. at 330, 986 P.2d 1160. The court focused on the limited references within the definition of that particular culpable mental state. The court quoted ORS 161.085(8) :
" 'Knowingly' or 'with knowledge,' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists."
(Emphasis added.) The Barnes court observed that, unlike the definitions of other culpable mental states (i.e. , "intentionally," "recklessly," or "criminally negligent"), the definition of "knowingly" does not refer to the result , such as the seriousness of an injury. Id. at 337, 986 P.2d 1160. As a consequence, the particular form of second-degree assault charged-knowingly causing serious physical injury-only required an awareness of the assaultive nature of the conduct, not necessarily the seriousness of the injury that resulted. Id . at 338, 986 P.2d 1160. In short, Barnes did not overrule Peacock because Barnes involved a different culpable mental state, "knowingly," and a different offense, second-degree assault. Barnes did not construe the terms involving "intentionally" causing serious physical injury for purposes of first-degree assault.
Although more explanation is required, we further conclude that the analysis in Barnes does not undermine the analysis in Peacock so as to require that we overrule Peacock as "plainly wrong." When asked to overrule, we "start from the assumption that our prior cases were decided correctly, *131 and the party urging us to abandon precedent must affirmatively persuade us to the contrary that a decision is plainly wrong." Thorson v. Bend Memorial Clinic , 291 Or. App. 33, 38, 419 P.3d 756, rev. den. , 363 Or. 481, 424 P.3d 731 (2018) ; see Civil , 283 Or. App. at 417, 388 P.3d 1185 (noting that it is a "rigorous standard, satisfied only in exceptional circumstances").
In this case, the state argues that "seriousness of injury is not a material element that necessarily requires a culpable mental state." That is so, the state reasons, because Barnes held that "knowingly," for purposes of second-degree assault, applies only to the conduct (there, "assaultive conduct"), not to the *200 particular result (there, the seriousness of physical injury). In the state's view, Barnes on second-degree assault undermines the conclusion in Peacock on first-degree assault that intentionally causing serious physical injury requires intent to cause serious physical injury. The state concludes that "intentionally" in first-degree assault should be treated like "knowingly" in second-degree assault. Given the differences between the definitions of those culpable mental states, we are not persuaded.
Barnes recognized that ORS 161.085(8)"provides a definition of 'knowingly' that addresses only conduct or circumstances ," not result. Barnes , 329 Or. at 336, 986 P.2d 1160 (emphasis added). The culpable mental state, "knowingly," does not refer to the result elements of offenses. Thus, second-degree assault could be proven when a defendant acted "knowingly," meaning with an awareness that his "conduct was assaultive." Id . at 335, 986 P.2d 1160. Barnes held that "knowingly" did not apply to the seriousness of physical injury. Id. at 338, 986 P.2d 1160. Yet, Barnes acknowledged that other culpable mental statutes do refer to result elements of crimes. In particular, ORS 161.085(7) provides:
" 'Intentionally' or 'with intent,' when used with respect to a result or to conduct described by a statute defining an offense, means that a person acts with a conscious objective to cause the result or to engage in the conduct so described."
(Emphasis added.) Unlike "knowingly," the culpable mental state of "intentionally" can apply to a result described in an offense. That is what the term "intentionally" did, according to Peacock , and that is what "knowingly" could not do, *132 according to Barnes . Thus, Barnes does not undermine Peacock .[1]
Nonetheless the state insists that the statutes on assault should be "congruent." The state urges a consistency that would mean that the differing culpable mental states in various assault statutes refer to the same element-e.g. , conduct-throughout the various statutes. Despite the allure of abstract logic, the language of the statutes does not cooperate. Both Barnes and Peacock recognized that the assault statutes, ORS 163.160 to 163.185, classify assaults according to (1) defendant's state of mind, (2) the effect of the assault on the victim, and (3) the circumstances such as use of a deadly or dangerous weapon. Barnes , 329 Or. at 335, 986 P.2d 1160 (describing scheme as classifying assaults by three sorts of variables); Peacock , 75 Or. App. at 224, 706 P.2d 982 (describing scheme as graded by mental state and harm done).
Barnes itself observed that legislative changes made differences that prevent an abstract pattern of congruency in the scheme of assault statutes. Barnes observed that, in adopting Oregon's 1971 Criminal Code revision, Oregon followed New York, deviated from the Model Penal Code, and eliminated reference to result when defining "knowingly" in terms of conduct or circumstance. Barnes , 329 Or. at 336-37, 986 P.2d 1160.
Adding complexity, the various culpable mental states differ by definition. As noted, "intentionally" describes a mental state with a "conscious objective" that has reference *133 either to "a result or to conduct" as determined by the "statute defining [the] offense," ORS 161.085(7) (emphasis added), while "knowingly" is an awareness with reference *201 to "a conduct or to a circumstance," but not a result, ORS 161.085(8). "Recklessly" is defined in terms of "a result or to a circumstance," but not conduct. ORS 161.085(9). Likewise, "criminal negligence" is defined in terms of "a result or to a circumstance," but not conduct. ORS 161.085(10).
The language of other assault statutes reveals the difficulty with the state's notion that culpable mental states in various forms of assault should, in the interest of consistency, all refer to conduct (e.g. , assaultive nature of conduct), not result (e.g. , serious physical injury). For example, assault in the third degree occurs when a person "[r]ecklessly causes serious physical injury to another by means of a deadly or dangerous weapon." ORS 163.165 (1)(a). By definition, "recklessly," applies only to result or to circumstances, not to conduct. ORS 161.085(9). Similarly, fourth-degree assault occurs when a person with "criminal negligence causes physical injury to another by means of a deadly weapon." ORS 163.160(1)(b). By definition, criminal negligence applies only to result or circumstances, but not conduct. ORS 161.085(10).
For those reasons, we are not persuaded that Peacock created an inconsistency in the scheme of statutes on assault, nor that Barnes rewrote first-degree assault as understood in Peacock . Rather, Peacock was correctly decided within a scheme of statutes that classify assault in its various forms according to one or more variables involving a defendant's culpable mental state, effect of the assault on the victim, and circumstances of the offense. See Barnes , 329 Or. at 335, 986 P.2d 1160 (recognizing a variety of variables). In particular, first-degree assault requires that the jury be instructed that the state must prove that a defendant intended to cause serious physical injury. Accordingly, the trial court erred in its supplemental instruction that defendant need only to have intended to assault the victim but not to have intended some form of a serious injury.[2]
*134 Because the court's instruction permitted the jury to convict defendant of first-degree assault without finding an element of the offense-an intent to cause serious injury-the error was not harmless. See Peacock , 75 Or. App. at 219, 225, 706 P.2d 982 (reversing for such error); see also Wallach v. Allstate Ins. Co. , 344 Or. 314, 326, 329, 180 P.3d 19 (2008) (reversible error when court incorrectly instructs the jury on a material element of a claim or defense and that instructional error, in light of the other instructions given, permits the jury to reach a legally erroneous result). Accordingly, we reverse and remand the judgment as to the conviction on the count of first-degree assault; remand for resentencing; and otherwise affirm.
Judgment of conviction for first-degree assault reversed and remanded; remanded for resentencing; otherwise affirmed.

The state's reading of Barnes , even if limited to the context of second-degree assault, does not take into account later Supreme Court cases that have clarified how mental states attach to different elements of a crime. See, e.g. , State v. Simonov , 358 Or. 531, 539-40, 368 P.3d 11 (2016) ("Unless otherwise indicated for a particular offense, 'conduct' elements require proof of an intentional or knowing mental state, 'result' elements require proof of an intentional, reckless, or criminally negligent mental state, and 'circumstance' elements require proof of a knowing, reckless, or criminally negligent mental state. The state may plead and prove the least culpable of the applicable mental states for a particular element of an offense. ORS 161.115(3). As a result, the minimum culpable mental state for elements that constitute conduct is knowledge, and the minimum culpable mental state for result and circumstance elements is criminal negligence." (Internal citation omitted.)). The state has not developed any argument how the various mental states apply to the elements of first-degree assault under those more recent Supreme Court cases, let alone an argument that persuades us that our conclusion in Peacock is plainly wrong under a modern approach.

As Peacock noted, it is not necessary that the defendant intended the precise injury that the victim suffered. 75 Or. App. at 224, 706 P.2d 982.