***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted October 21, 2022, remanded for resentencing,
otherwise affirmed June 28, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DERRICK DEAN COFFELT,
*Defendant-Appellant.*

Marion County Circuit Court
19CR56101; A174281

J. Channing Bennett, Judge.

Shawn Wiley, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. Derrick Dean Coffelt filed the supplemental brief *pro se*.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Hellman, Judge, and Landau, Senior Judge.

ORTEGA, P. J.

Remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction, entered after a bench trial, for two counts of strangulation, constituting domestic violence (Counts 2 and 4), one count of fourth-degree assault, constituting domestic violence (Count 3), one count of second-degree assault, constituting domestic violence (Count 6), and one count of coercion (Count 8).[1] On appeal, defendant raises six assignments of error in his opening brief, two assignments of error in a supplemental brief, and four assignments of error in a *pro se* supplemental brief. As explained below, we remand for resentencing, accepting the state's concession of error in sentencing Count 4, and otherwise affirm.

We briefly relate for context the facts underlying defendant's convictions, viewed in the light most favorable to the state. Defendant and K were married and living together. After going to sleep in her bedroom, K was awakened by defendant strangling and punching her. The two engaged in a physical fight that moved into the hallway, where defendant put his forearm across K's throat.

Later, after defendant was asleep on the couch, K tried to retrieve her phone from defendant's pocket. Defendant woke and was very upset. K testified that defendant grabbed her and either threw or shoved her into a long, wooden table, and that her back hit the corner of the table. When K's back hit the corner of the table, she could not breathe and "that hurt the worst out of everything." At that point, K called the police. When the police arrived, defendant grabbed K's arm and told her to go upstairs and lie down. K felt that defendant was threatening her based on what had happened.

From the fight, K's lip was cut in two places, she had two black eyes—with her left eye swollen shut—her back hurt "really bad," and a jaw injury left her unable to eat solid food for a week.

As noted above, after a bench trial, the court found defendant guilty of two counts of strangulation (Counts 2

---

[1] The trial court acquitted defendant of Count 5, strangulation, and Count 7, coercion, and dismissed Count 1, attempt to commit a Class B felony.

and 4), one count of fourth-degree assault (Count 3), one count of second-degree assault (Count 6), and one count of coercion (Count 8).

In his first assignment of error, defendant argues that the trial court erred in denying his motion for judgment of acquittal on Count 6, second-degree assault. We review the denial of a motion for judgment of acquittal "by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

Defendant was charged with second-degree assault based on "unlawfully and knowingly caus[ing] physical injury to [K] by means of a dangerous weapon, to wit: table."[2] On appeal, defendant argues that the state failed to produce evidence that defendant knowingly used the table as a dangerous weapon or that the table was a dangerous weapon under the circumstances of this case.

To the extent that defendant's argument is that the state failed to produce sufficient evidence that defendant *knew* the table was a dangerous weapon or that defendant *knew* he used the table as a dangerous weapon, that argument was unpreserved, and we do not address it. At trial, defendant did not raise mental state as an issue, arguing only that defendant did not use the table at all or that the table could not be a dangerous weapon because it was merely a stationary object that K happened to fall into. That is a fundamentally different argument than the one defendant asserts on appeal about defendant's mental state.

---

[2] To act "knowingly," the person must act "with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists." ORS 161.085(8). A "dangerous weapon" is "any weapon, device, instrument, material or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury." ORS 161.015(1). "'Serious physical injury' means physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." ORS 161.015(8).

Defendant does, however, also reassert on appeal an argument he made below—that the table was not a dangerous weapon in the manner in which it was used in this case. On that argument, we conclude that the state did present sufficient evidence. K testified that defendant either threw or shoved her into the table with such force that, when she hit the corner of the table with her back, the air was pushed out of her lungs, making it hard to breathe, and she experienced significant pain in her back. Forcibly shoving or throwing a person into the corner of long, wooden table is using the table in a manner that is readily capable of causing serious physical injury. *See, e.g.*, *State v. Glazier*, 253 Or App 109, 114, 288 P3d 1007 (2012), *rev den*, 353 Or 280 (2013) (striking the victim's head against a hardwood floor was using the floor as a dangerous weapon). We thus affirm the trial court's denial of defendant's motion for judgment of acquittal (MJOA) to Count 6.[3]

We turn to defendant's supplemental assignments of error addressing the mental state for the physical injury element of second-degree assault (Count 6) and fourth-degree assault (Count 3). Specifically, defendant argues that the trial court plainly erred in entering verdicts on those counts without determining whether the state proved the requisite mental state for the physical injury element of each count, as required by *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), which issued after his trial. In rendering its verdict here, the trial court did not state on the record whether it determined that defendant acted with a culpable mental state with respect to the physical injury elements of those counts. As a result, the state responds that any error was not plain and, even if it was, the error was harmless, and we should not exercise our discretion to correct it.

An error is plain when it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d

---

[3] Defendant also argues that, for the same reasons the trial court should have granted the MJOA, the trial court denied his due process rights under the Fourteenth Amendment to the United States Constitution. Because defendant did not develop a separate argument under federal law, we do not address it. *State v. Amaya*, 336 Or 616, 634 n 6, 89 P3d 1163 (2004).

889 (2013). When an error is plain, we must then determine whether to exercise our discretion to consider the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

For the second-degree assault count, under *Owen*, which was decided after the trial here, the court had to find that defendant was at least criminally negligent[4] with regard to whether his conduct would cause K physical injury.[5] 369 Or at 322. Based on the law at the time of trial, in finding defendant guilty, the court necessarily found that defendant knew that his conduct was assaultive and knew that his use of the table was capable of causing death or serious physical injury. *See State v. Barnes*, 329 Or 327, 338, 986 P2d 1160 (1999), *overruled by State v. Owen*, 369 Or 288, 505 P3d 953 (2022); *see also State v. Fletcher*, 263 Or App 630, 633, 330 P3d 659 (2014). Having so found, it is implausible that the court would not have found that defendant was at least criminally negligent with respect to whether his conduct would cause K physical injury. *See Owen*, 369 Or at 324 (where the jury necessarily found the defendant knew his conduct was assaultive and knew he used his boots as a dangerous weapon, the jury would not have found the defendant was unaware his actions would cause physical injury). As a result, the alleged error was not plain, and we reject defendant's assignment of error.

With respect to Count 3, fourth-degree assault, the court had to find that defendant "intentionally cause[d]

---

[4] The definition for criminal negligence provides:

"'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

ORS 161.085(10).

[5] We reject defendant's argument that the state was required to prove either an intentional or knowingly mental state for the physical injury element of the second-degree assault charge, when defendant was charged under a knowingly mental state. *Owen* forecloses that reasoning, and we are bound by it. 369 Or at 321 (adhering to the holding in *Barnes* that the knowingly mental state did not apply to the injury element).

physical injury to K," when he punched her repeatedly. The law at the time of trial already required the trial court to find that defendant intended to cause K physical injury. *State v. Pryor*, 294 Or App 125, 133, 430 P3d 197 (2018) (reaffirming that a charge of intentional assault requires the state to prove the defendant intended to cause the injury element of the offense). The law announced in *Owen* did not change that. As a result, the alleged error was not plain, and we reject defendant's assignment of error.

We next address defendant's *pro se* assignments of error. In the first *pro se* assignment, defendant asserts that the trial court erred in denying his demurrer to the amended indictment, which changed Count 6 from fourth-degree assault to second-degree assault. On appeal, defendant reasserts that the amended indictment violated ORS 132.250 and ORS 132.260, which govern the recording of grand jury proceedings. We conclude that the trial court did not err in denying the demurrer. Failure to comply with those statutes is not a basis on which a defendant may demur to an indictment, nor does the alleged violation appear on the face of the indictment. *See State v. Warren*, 364 Or 105, 113, 430 P3d 1036 (2018) (A demurrer "must be resolved based on the face of the charging instrument. * * * The grounds for a demurrer are limited and are specified in the demurrer statute." (Citations omitted.)); ORS 135.630 (listing grounds for demurrer). To the extent that defendant makes additional arguments in this assignment of error, they were not preserved. As a result, we reject defendant's first *pro se* assignment of error.

In the second *pro se* assignment, defendant asserts that the trial court erred in denying his MJOA on Counts 2 and 4, each alleging strangulation, because there was not sufficient evidence that could support multiple strangulation counts. We conclude that the trial court did not err, because, viewing the evidence in the light most favorable to the state, a rational trier of fact "could have found the essential element of the crime beyond a reasonable doubt." *Cunningham*, 320 Or at 63.

In the third *pro se* assignment, defendant argues that the court erred in denying his MJOA on Count 8,

coercion.[6] We again conclude the trial court did not err, because, viewing the evidence in the light most favorable to the state, a rational trier of fact, "could have found the essential element of the crime beyond a reasonable doubt." *Cunningham*, 320 Or at 63. In this assignment, defendant also argues that the court erred in sentencing him for coercion under crime category 7, instead of category 6. We decline to address that argument because, as explained below, we must remand this case for resentencing based on a different error.

In the fourth *pro se* assignment, defendant argues that the trial court erred in not declaring a mistrial, based on several violations of defendant's rights by the prosecutor of which the trial court was aware. We reject that assignment of error as well. Defendant did not move for a mistrial in the trial court, and defendant has not established that the trial court was required to declare a mistrial *sua sponte*.

Finally, we address defendant's assignments of error two through six from the opening brief. In assignments two through four, defendant argues that the court erred in ordering consecutive sentences, in assignment five, defendant argues that the trial court erred in reconstituting his criminal history score, and in assignment six, defendant argues that the trial court erred in not using the "shift-to-I" rule. Defendant's assignments of error all rest on his argument that the offenses occurred during the same criminal episode.

The state concedes that the trial court erred in finding that the strangulation in the hallway (Count 4) arose from a separate criminal episode from the assault and strangulation in the bedroom (Counts 2 and 3), based on *State v. Witherspoon*, 250 Or App 316, 280 P3d 1004 (2012). The state also concedes that that error affected the trial court's decision to impose a consecutive sentence and reconstitute defendant's criminal history score for Count 4, which requires a remand for resentencing.

---

[6] Defendant references Count 7 in his *pro se* brief. Because defendant was acquitted of that count, we understand defendant to have intended to refer to Count 8.

We agree with and accept the state's concession. Because that error requires a remand for resentencing, we decline to address defendant's other sentencing arguments, which may be raised with the trial court on resentencing.

Remanded for resentencing; otherwise affirmed.