Argued and submitted December 23, 2002, sentences reversed; remanded in part;
otherwise affirmed April 3, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID RALPH WHITLOCK,
*Appellant.*

## 0000362CR; A115138

65 P3d 1114

Ingrid McFarlane, Deputy Public Defender, argued the cause for appellant. On the brief were David E. Groom, Acting Executive Director, Office of Public Defense Services, and Andy Simrin, Senior Deputy Public Defender.

David F. Coursen, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

Defendant was convicted and sentenced on a variety of criminal charges. After defendant began serving his sentences, and without notifying him or his attorney, the trial court entered an amended judgment that added provisions to the original sentences based on the court's finding that defendant was a repeat offender—a fact not in the trial court record but, according to the state, available as public information. Defendant appeals from the sentences in the amended judgment. We reverse those sentences and remand for resentencing.

The only relevant facts in this case are procedural and undisputed. After a no contest plea, defendant was convicted of first-degree burglary, fourth-degree assault, menacing, and first-degree kidnapping. The trial court sentenced him to 90 months on the kidnapping conviction and 40 months on the burglary conviction, those sentences to run consecutively, plus 12 months for menacing and 12 months for assault, the latter two sentences to run concurrently with the former two. The judgment imposing those sentences was entered on August 14, 2000. Defendant thereafter was committed to the custody of the Department of Corrections and began serving his time.

■■ At some point between August 14 and August 25, 2000, the trial court apparently was advised that defendant had been convicted of first-degree burglary in 1984—a fact not in the record, but relevant nonetheless, because that prior conviction brought defendant within the ambit of ORS 137.635. That statute provides, in part:

> "(1) When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, * * * [t]he convicted defendant who is subject to this section shall not be eligible for probation. The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to

ORS 421.120 or for any reduction in term of incarceration pursuant to ORS 421.121.

"(2)   Felonies to which subsection (1) of this section apply include and are limited to:

"* * * * *

"(d)   Kidnapping in the first degree * * *.

"* * * * *

"(h)   Burglary in the first degree * * *."

Application of this statute is mandatory. *State v. Clark*, 146 Or App 590, 593, 933 P2d 984 (1997).

Without holding a hearing or informing defendant, the trial court issued an amended judgment that added the following term to the original: "The Court finds that defendant is subject to ORS 137.635, determinate sentences." As a result of that change, defendant will not be eligible for, among other benefits, so-called "earned time," a reduction in his term of confinement for good behavior and participating in certain programs. ORS 137.635(1); ORS 421.121. Defendant did not learn of the change in his sentence until October 18, 2000. By that time, he had already filed a notice of appeal from his conviction. With this court's permission, he also filed a notice of appeal from the amended judgment. We first combined the delayed appeal of the altered sentences with the original appeal of the conviction, and then later we granted defendant's motion to sever the appeals. The appeal from the conviction was affirmed without opinion. *State v. Whitlock*, 182 Or App 293, 49 P3d 852 (2002). This is the appeal from the altered sentences in the amended judgment.

■   The state and defendant agree that defendant's unavoidable failure to preserve his objection to the sentence imposed in the amended judgment does not preclude review. As the state notes, defendant "was given no notice of the amended judgment and did not learn of it" until well after it was entered. In such situations, the usual rules of preservation "simply do not apply." *State v. DeCamp*, 158 Or App 238, 241, 973 P2d 922 (1999).

■   The parties also agree that we must vacate the amended judgment. The trial court purported to amend the

judgment under the authority granted by ORS 138.083(1). That authority, however, must be invoked "either on the motion of one of the parties or on the court's own motion *after written notice to all the parties.*" *Id.* (emphasis added). *See also DeAngelo v. Schiedler,* 306 Or 91, 94, 757 P2d 1355 (1988) (Oregon Constitution secures a defendant's right to be heard at sentencing); *State v. Gibson,* 183 Or App 25, 31, 51 P3d 619 (2002) (if a defendant is not present when the court enters an amended judgment and has not waived appearance, the amended judgment must be vacated).

The only disputed issue, then, is how we should dispose of the case. Defendant argues that we should simply vacate the amended judgment, thereby, according to him, restoring the original judgment. The state argues that we should vacate the amended judgment and remand for resentencing, at which point the trial court could reopen the record to take evidence regarding defendant's prior conviction.

■■ The parties frame the issue as though it were one of jurisdiction, that is, of whether the trial court retained authority over defendant. Generally, once a defendant has been delivered to the Department of Corrections, the trial court loses authority over him and is powerless to modify his sentence. *State ex rel O'Leary v. Jacobs,* 295 Or 632, 637, 669 P2d 1128 (1983); *State v. Perry,* 140 Or App 18, 22, 914 P2d 29 (1996). However, under a well-settled gloss on this general rule, a sentence that does not conform to law is invalid; when a trial court imposes such a sentence it is a legal nullity, and the trial court subsequently has the authority to impose a lawful sentence even if the defendant is already in the custody of the Department of Corrections. *State v. Leathers,* 271 Or 236, 240, 531 P2d 901 (1975); *State v. Horsley,* 168 Or App 559, 561-62, 7 P3d 646 (2000) (citing cases); *see also* ORS 138.083(1) (sentencing court "retain[s] authority * * * to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment").

The parties in the present case dispute whether the exceptions allowing the trial court to modify "erroneous terms" or "invalid" sentences, *Horsley,* 168 Or App at 562, apply to defendant's original sentence. Defendant maintains

that, unless a sentence is plainly invalid based on the record before the sentencing court *at the time it sentences defendant*, the court lacks authority to modify it. Because the trial court here did not have evidence of defendant's prior conviction when it originally sentenced him, defendant contends, that original sentence was not invalid; therefore the trial court lacked authority to modify it. The state argues that if, after a sentence is executed, a trial or appellate court becomes aware of facts not in the record that, had they been in the record, would have required a different sentence, then the original sentence contains an erroneous term, and the court therefore retains authority to modify it under ORS 138.083(1). Thus, according to the state, once evidence of defendant's prior conviction became part of the calculus, the original sentence was revealed to be unlawful because it was not imposed in conformity with ORS 137.635; therefore, the original sentence was a legal nullity, and the court had authority to resentence defendant.

Those arguments present an interesting question, but it is one that we do not reach in this case. We would reach it if the trial court had imposed the amended sentence in a procedurally proper hearing, that is, a hearing after notice to defendant and in his presence. Had the trial court in that setting imposed an amended sentence, then, on appeal, we would have faced only one question: whether the trial court had authority to do so. That is so because of ORS 138.222(4) and (5), which provide, in part:

"(4)   In any appeal [of a sentence imposed for a felony], the appellate court may review a claim that:

"(a)   The sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]

"* * * * *

"(5)   The appellate court may reverse or affirm the sentence. * * * If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing."

Had the court here held a procedurally proper hearing before resentencing, then in deciding whether or not to remand, we would have to determine whether the court "committed an error," ORS 138.222(5). That question, in turn, would have required us to determine whether the original sentence was unlawful (or contained an "erroneous term"): only if it did would the resentencing court have had authority to modify it. That inquiry would necessarily have required us to address whether the legality of the original sentence is gauged by the record before the trial court at the time of sentencing or by the facts then in existence but not known to the trial court.[1]

However, as noted, independently of any issues involving the trial court's authority to resentence defendant, we have concluded that the court committed an error in failing to notify defendant and sentence him while he was present. That being the case, we need not decide whether it also erred in asserting its authority to modify the sentence under ORS 138.083(1). That fact, in turn, eliminates the need for us to decide whether the original sentence was unlawful. Regardless of whether it was or not, ORS 138.222(5) requires us to remand for resentencing. Further, we are unaware of any reason why, at that time, the state will be precluded from introducing evidence of defendant's prior conviction, nor of any reason why defendant will be precluded from contesting the admissibility or accuracy of that evidence.

Sentences reversed; remanded for determination of whether to reinstate original judgment and, if not, for resentencing; otherwise affirmed.

---

[1] It would also have required us to determine whether a sentence that does not conform to ORS 137.635 can be said to contain an "erroneous term" under ORS 138.083(1), a question not before us.