Argued and submitted March 30, affirmed September 22, 2004

## STATE OF OREGON,
*Respondent,*

*v.*

## DARRELL EUGENE RILEY,
*Appellant.*

200111460, 200117638; A116629 (Control), A116708
(Cases Consolidated)

97 P3d 1269

Rebecca Duncan, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter A. Ozanne, Executive Director, Office of Public Defense Services.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary D. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Landau and Schuman, Judges.

SCHUMAN, J.

SCHUMAN, J.

Defendant appeals judgments of conviction on one count of burglary in the first degree and one count of assault in the second degree. The cases are consolidated on appeal. With respect to both convictions, he asserts that the trial court erred by using a juvenile adjudication in the calculation of his criminal history score, resulting in a longer sentence than he would have received if the adjudication had not been used. With respect to the burglary conviction, he asserts that the court erred by adding a term to the judgment of conviction after the notice of appeal was filed, by doing so without notifying defendant beforehand, and by doing so out of his presence. Reviewing for errors of law, *State v. Lavitsky*, 171 Or App 506, 514, 17 P3d 495 (2000), *rev den*, 332 Or 430 (2001), we affirm.

Defendant pleaded guilty to assault in the second degree and burglary in the first degree. The judgments in both cases were entered on November 7, 2001. On November 14, 2001, the court entered amended judgments to reflect the actual date of sentencing. Defendant then filed timely a notice of appeal on December 6, 2001, presumably to contest the use of his juvenile adjudication in calculating his sentence. Some time thereafter, while the appeal was pending, the trial court apparently discovered that, because defendant had prior convictions for burglary in the first degree, the original and amended judgments contained a potentially misleading paragraph. Those judgments provided:

> "Defendant may be considered * * * for any form of temporary leave from custody, reduction in sentence, work release, alternative incarceration program or program of conditional or supervised release authorized by law for which the Defendant is otherwise eligible at the time of sentencing."

In fact, a defendant convicted of first-degree burglary who has a prior conviction for that crime has to serve his or her entire sentence and is not eligible for temporary leave or reduction in sentence. ORS 137.635(1); ORS 137.635(2)(h). Consequently, on March 19, 2002, the court entered a second

amended judgment that replaced the paragraph quoted above with the following one:

> "The Court finds that this sentence is subject to ORS 137.635, and IT IS ORDERED that the Defendant shall serve the entire sentence imposed by the Court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody."

(Underlining in original.) Defendant subsequently filed a timely notice of appeal from the second amended judgment, presumably to add the assignments of error dealing with issues related to that judgment.

■     We begin with defendant's argument that the jury trial guarantee in Article I, section 11, of the Oregon Constitution precludes using his juvenile adjudication, which, of course, was not tried to a jury, for purposes of calculating his sentence. Defendant concedes that the Oregon Supreme Court expressly rejected that argument in *State v. Stewart/Billings*, 321 Or 1, 892 P2d 1013 (1995), but urges us to adopt the approach taken by Justice Unis in his *Stewart/Billings* dissent. 321 Or at 12 (Unis, J., dissenting). He argues that the Supreme Court's composition has changed since *Stewart/Billings* was decided; some members who sided with the majority, defendant points out, have been replaced by justices who, when they were judges on this court and participated in *Stewart/Billings*, took the dissenting position. That argument, which we note has appeared in several recent briefs, and, which we therefore do not attribute to any particular attorney, expresses the mistaken view that the decision of an appellate court represents nothing more than the aggregated policy preferences of the judges who happen to be sitting at the time the case is decided—regardless of such fundamental judicial duties as adherence to precedent. We reject that view and that argument. Until *Stewart/Billings* is overruled by the Supreme Court, the case remains binding on this court. *Powell v. Bunn*, 185 Or App 334, 357, 59 P3d 559 (2002), *rev den*, 336 Or 60 (2003) ("[T]he fact that the Supreme Court is free to revisit its own precedents * * * does not mean that we may do so.").

■      Defendant also argues that using his juvenile adjudication as part of his criminal history for purposes of calculating his sentence violates the jury trial guarantee in the Sixth Amendment to the United States Constitution. Defendant did not raise that argument below; he merely made a passing reference to "power of jury in criminal cases" in the course of an argument under the Oregon Constitution. Further, we cannot exercise our discretion to address the issue under ORAP 5.45(1), which gives us the authority to review unpreserved legal error that is "apparent on the face of the record." To qualify under that provision, the error must satisfy three criteria: "(1) it must be an error 'of law'; (2) it must be 'apparent,' meaning the point of law must be obvious, that is, not reasonably in dispute; and (3) it must appear on the face of the record, meaning the court need not look beyond the record to identify the error or 'choose between competing inferences, and the facts constituting the error must be irrefutable.' " *State v. Thackaberry*, 194 Or App 511, 513-14, 95 P3d 1142 (2004); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991).

Clearly, the asserted error—counting defendant's juvenile adjudication as part of his criminal history so as to lengthen his sentence—is purely legal, nor does addressing it require us to look beyond the record. The question, therefore, is whether the trial court's use of the juvenile adjudication was an "obvious" error beyond any reasonable dispute. The current law, as stated in *Apprendi v. New Jersey*, 530 US 466, 490, 120 S Ct 2348, 147 L Ed 2d 435 (2000), is that, *"[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) The question at issue is whether a juvenile adjudication is the functional equivalent of a prior conviction. Although *Blakely v. Washington*, 542 US ____ , 124 S Ct 2531, 159 L Ed 2d 403 (2004), decided after the trial in this case, clarified what some courts regarded as an ambiguity regarding the phrase "prescribed statutory maximum," nothing in *Blakely* altered the scope of the exception stated in *Apprendi*: "the fact of a prior conviction," unlike all other facts, may be used.

■     And it is far indeed from "obvious" that a juvenile adjudication is not the functional equivalent of a "prior conviction." The Eighth Circuit has held that it *is*, and that it *can* be used to enhance a sentence, *United States v. Smalley*, 294 F3d 1030 (8th Cir 2002), *cert den*, 537 US 1114 (2003), while the Ninth Circuit has held that it *is not*, and that it *cannot* be so used, *United States v. Tighe*, 266 F3d 1187 (9th Cir 2001). That split in the circuits by itself establishes that the trial court's use of defendant's juvenile adjudication in calculating his sentence was not obviously and indisputably error. Because the alleged error was not "apparent," we have no authority to address it.

■     Defendant next argues that the sentencing court exceeded its statutory authority when it entered the second amended judgment on its own motion. Again, we find defendant's arguments unpersuasive. After an appeal has been properly filed and is pending, a trial court's authority to modify a criminal judgment must be exercised pursuant to ORS 138.083(1). That statute provides:

> "The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."

*See also State v. Horsley*, 168 Or App 559, 561, 7 P3d 646 (2000) ("Sentences that violate the statutes [governing criminal sentencing] lack valid sentencing authority, ORS 137.010(1), and the trial court may modify them as necessary."). As we explain below, the court's action modified an erroneous term in the original and first amended judgments and therefore complied with ORS 138.083(1).

Because defendant had a prior conviction for first-degree burglary and, in the present case, pleaded guilty to first-degree burglary, ORS 137.635 applied. That statute provides:

> "When, in the case of a felony described in subsection (2) of this section [including burglary in the first degree], a court sentences a convicted defendant who has previously

been convicted of any felony designated in subsection (2) of this section [including burglary in the first degree], * * * the court *shall* impose a determinate sentence. * * * The convicted defendant *shall* serve the entire sentence imposed by the court and *shall not*, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody."

ORS 137.635(1) (emphasis added). Further, when the court imposes such a sentence, "the court *shall* indicate in the judgment" that the mandatory provisions apply. ORS 137.635(3). The original and first amended judgments prepared by the trial court stated that defendant could be considered for "any form of temporary leave from custody, reduction in sentence," and other benefits "authorized by law for which [he] is otherwise eligible at the time of sentencing." That term appears to be technically correct, because none of the specified benefits *was* authorized by law; the law (ORS 137.635(1) and (2)) explicitly *denied* him those benefits. The term, in other words, conferred the benefits but made them contingent on a circumstance that did not exist, thereby not conferring them at all. However, as noted above, ORS 137.635(3) requires the court to "indicate in the judgment" that the statute applies. The original and first amended judgements do not so indicate. They therefore contain an erroneous term, that is, the term dealing with temporary leave, sentence reduction, and so forth.

Further, the second amended judgment modifies that erroneous term. Defendant's argument that the second amended judgment did not modify a term but added a new one might, perhaps, have had merit if the prior judgments had been silent with respect to temporary leave, sentence reduction, and so forth. They were not. They included an erroneous term dealing with those subjects. The second amended judgment deleted the original, erroneous term and substituted a new one. That action cannot be characterized as anything but a modification of the original erroneous term. Thus, the sentencing court complied with ORS 138.083(1) by modifying an erroneous term. Defendant's second assignment of error therefore fails.

■   Defendant's next assignments of error deal with the circumstances surrounding the sentence modification. The

assignments encompass two components: defendant's right to be present when a court effects a sentence modification and his right to notice before that modification occurs. The right to be present derives from ORS 137.030(1) ("For the purpose of giving judgment, if the conviction is for a felony, the defendant shall be personally present * * *.") and from the Fourteenth Amendment to the United States Constitution.*Stacey v. State of Oregon*, 30 Or App 1075, 1079, 569 P2d 640 (1977). When the modification is administrative as opposed to substantive, that is, when the modification involves neither disputed facts nor the exercise of judicial discretion but occurs entirely by operation of law, the defendant's absence is not prejudicial. *State v. Kliment*, 45 Or App 511, 514-15, 608 P2d 618 (1980); *see also State v. DeCamp*, 158 Or App 238, 242, 973 P2d 922 (1999). Thus, although the court erred in modifying the sentence while defendant was not present, that error does not require reversal.

■ Defendant is correct that he had a right to notice that the modification was going to occur; ORS 138.083(1) specifies that the trial court has authority to modify a sentence after a notice of appeal has been filed "after written notice to all the parties." That notice did not occur here. However, that error was harmless for the same reason that holding the hearing outside of defendant's presence was: the modification did not involve disputed facts or the exercise of judicial discretion but through application of the law.

Affirmed.