Submitted January 30, amended judgment vacated; remanded for resentencing; otherwise affirmed March 12, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRENT THOMAS HANNEMANN,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR110597; A150531

323 P3d 534

Peter Gartlan, Chief Defender, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and De Muniz, Senior Judge.

PER CURIAM

## PER CURIAM

Following a jury trial, defendant was convicted of one count each of felony driving under the influence of intoxicants, ORS 813.010(5); driving while suspended or revoked, ORS 811.182; and reckless driving, ORS 811.140, as well as multiple counts of menacing, ORS 163.190, and recklessly endangering another person, ORS 163.195. The convictions arose out of defendant's conduct during a traffic incident in which defendant, who was under the influence of intoxicants, performed a number of reckless driving maneuvers while following a vehicle that he believed had cut him off. At sentencing, the trial court imposed a 78-month term of imprisonment for defendant's various offenses and entered a judgment of conviction to that effect. However, the judgment failed to reflect that defendant's sentences would run consecutively to any previously imposed sentences that defendant was serving, as the trial court had orally indicated at defendant's sentencing hearing. Subsequently, and without written notice to defendant, the trial court amended the judgment to correct that omission. Defendant appeals, raising three assignments of error. We write to address only defendant's contention that the trial court erred by amending the judgment without first providing defendant with written notice of the court's intention to do that.

As we have previously observed, ORS 138.083(1) permits a court to amend a judgment to delete or modify any erroneous term, but it also expressly requires that the court provide "written notice to all the parties" before doing so on its own motion. *E.g., State v. French*, 208 Or App 652, 657, 145 P3d 305 (2006). The state concedes that the trial court erred by failing to comply with that notice requirement, and we agree.

Amended judgment vacated; remanded for resentencing; otherwise affirmed.