Argued and submitted June 23, second amended judgment vacated; remanded for further proceedings August 6, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LARRY NOBLES,
aka Henry Jackson,
*Defendant-Appellant.*

Multnomah County Circuit Court
930936079; A152397

333 P3d 1077

Robin A. Jones, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solictor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

In 1994, defendant pleaded no contest to a murder charge and was sentenced to 144 months in prison followed by a life term of post-prison supervision (PPS). Defendant moved the trial court to reduce the PPS term to three years; the court granted that motion and entered an amended judgment so providing. Two days later, the trial court, acting *sua sponte* and with no notice to either party, issued another amended judgment, reversing its decision to reduce defendant's PPS term to three years and reinstating the lifetime PPS term of the original judgment.[1] Defendant appeals that second amended judgment. Citing state statutes along with the state and federal constitutions, he assigns error to the trial court's decision to modify his sentence without providing him prior notice or an opportunity to be heard. He also assigns error to the substance of the trial court's decision, contending that, as a matter of state sentencing law, three years was the appropriate term of PPS for his conviction. Because we conclude that defendant's first assignment of error is well taken, we do not reach his second.

The trial court purported to issue the second amended judgment under ORS 138.083:

"(1)(a) The sentencing court retains authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."

As we noted in *State v. Whitlock*, 187 Or App 265, 269, 65 P3d 1114, *rev den*, 336 Or 17 (2003), the trial court's "authority" under ORS 138.083(1)(a) "must be invoked either on the motion of one of the parties or on the court's own motion *after written notice to all the parties*." (Internal quotation marks omitted; emphasis in *Whitlock*.) *See State v. Gilbert*, 248 Or App 657, 661, 274 P3d 223 (2012) (noting that ORS 138.083(1)(a) states a legislatively created exception to the common-law rule that the trial court "loses jurisdiction"

---

[1] That judgment was titled "Amended Amended Judgment of Conviction and Sentence." We refer to it as the second amended judgment.

over the case once a defendant begins serving his or her sentence). The court provided no notice to the parties before issuing, *sua sponte*, the second amended judgment; written notice, however, was an explicit prerequisite to the trial court's authority to act under ORS 138.083. Not having provided that notice, the trial court lacked the authority to amend the amended judgment.

Our conclusion on that point obviates any need for us to address defendant's constitutional arguments concerning his right to be present at sentence-modification proceedings or to address his contentions regarding the appropriate length of his PPS term. The state contends that the lifetime PPS term was mandated by law; that is an argument that may appropriately be made to the trial court on remand.

Second amended judgment vacated; remanded for further proceedings.