Submitted January 8; amended judgments vacated and remanded, otherwise affirmed April 7, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN HENRY ROSS PRYOR,
aka John Henryross Pryor,
*Defendant-Appellant.*

Multnomah County Circuit Court
15CR43245; A171601

484 P3d 1123

Defendant appeals from two amended judgments entered after a resentencing hearing that reflect an increase in his sentence on a second-degree assault conviction. Defendant assigns error to the trial court's issuance of the amended judgments, because it did so without notice to him or an opportunity to be heard, violating his statutory and constitutional rights to be present. The state concedes that the trial court erred. The parties disagree as to the proper disposition. *Held*: Based on the record here, it is possible that the trial court was attempting to correct a clerical error under ORS 137.172 when it entered the amended judgments.

Amended judgments vacated and remanded; otherwise affirmed.

Leslie M. Roberts, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeVORE, P. J.

Amended judgments vacated and remanded; otherwise affirmed.

**DeVORE, P. J.**

After an appeal in which we reversed one of defendant's convictions, affirmed others, and remanded for resentencing, *State v. Pryor*, 294 Or App 125, 430 P3d 197 (2018), the trial court conducted a resentencing hearing and, ultimately, entered a judgment on June 13, 2019, containing defendant's sentence. Subsequent to entry of that judgment, the trial court entered two amended judgments, in February and March 2020. On appeal, defendant raises one assignment of error in which he challenges the trial court's amended judgment increasing his sentence on Count 6, second-degree assault, ORS 163.175.[1] For the reasons explained below, we vacate the amended judgments entered in February 2020 and March 2020 and remand for further proceedings.

As relevant to this appeal, at defendant's resentencing hearing, the state asked the court to, in part, impose a sentence of 144 months' imprisonment on the assault conviction and defendant asked for imposition of 70 months' imprisonment. The trial court stated, in part:

> "[O]n Count 6, I am finding aggravating enhancement factors of permanent injury to the victim, actual violence toward the victim, use of a weapon, being on parole at the time of the offense, repeated terms of supervision, and incarceration have failed to deter the Defendant. Also, there's persistent involvement in criminal behavior. So I will impose a departure, upward departure sentence 144 months."

Defendant objected to that sentence on the ground that it exceeded the maximum allowable by law, and stated, "I think you can only max him out at 120 months and no post-prison supervision." The court stated its intention to follow the state's recommendation but invited the parties to provide additional briefing on that point. Later that same day, the court entered a "temporary sentencing order" that

---

[1] Defendant appeals amended judgments that were entered on February 7, 2020, and March 3, 2020. The error at issue on appeal first arose in the judgment entered in February 2020 and, therefore, we focus our discussion on that judgment.

imposed, by upward departure, 120 months' imprisonment on the assault conviction.

Approximately three weeks later, on June 13, 2019, a judgment was entered that imposed sentence in accordance with the sentence that the court had imposed orally at the end of the resentencing hearing, with the exception that it imposed only 70 months' imprisonment on Count 6. That sentence was described in the judgment as an "Upward Durational Departure."

On February 7, 2020, the trial court entered an amended judgment in which it changed defendant's sentence on Count 6 from 70 months' imprisonment to 120 months' imprisonment. Defendant contends that the trial court erred in issuing the amended judgment, because it did so without notice to him or an opportunity to be heard, violating his statutory and constitutional rights to be present. The state concedes that the record does not disclose that defendant was notified in advance or given an opportunity to be heard. Therefore, the state agrees that the trial court erred when it entered an amended judgment without notice to the defendant of the proposed action and an opportunity to be heard. We agree and accept the state's concession. *See State v. Nobles*, 264 Or App 580, 333 P3d 1077 (2014) (correcting error when trial court failed to provide written notice before amending judgment).

The parties disagree as to the proper disposition. Defendant argues that, because the trial court erred in modifying his sentence and because he was already serving a lawfully imposed sentence, we should reverse and remand with instructions for the trial court to reinstate the June 2019 judgment with its 70-month sentence. Defendant relies on *State v. Rossi*, 216 Or App 168, 171 P3d 1031 (2007). In *Rossi*, the trial court had erred by substantively modifying the defendant's sentence in an amended judgment that it entered without notice to defendant, without a hearing, and without a waiver from defendant. *Id.* at 169. Because the defendant was already serving the sentence, we vacated the amended judgment and remanded with instructions to reinstate the original judgment. *Id.*

The state contends, on the other hand, that we should remand for further proceedings, arguing that the court has authority under ORS 137.172 to amend the June 2019 judgment to correct what was likely a clerical error. ORS 137.172(1) provides:

> "The trial court retains authority after entry of judgment of conviction or a supplemental judgment, including during the pendency of an appeal, to modify the judgment, including the sentence, to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all of the parties."

We explained in *State v. Johnson*, 242 Or App 279, 285, 255 P3d 547, *rev den*, 350 Or 530 (2011), that "Oregon subscribes to the common-law rule that, once a valid sentence is executed—that is, once a defendant begins serving it—the trial court loses jurisdiction over the case and, thus, power to modify the sentence." We also explained that the legislature had created an exception to that rule in *former* ORS 138.083 (2007), *repealed by* Or Laws 2017, ch 529, § 26, which permitted a trial court to, among other things, correct clerical errors in a judgment. *Johnson*, 242 Or App at 286. ORS 138.083 was replaced by a similar provision that is now codified at ORS 137.172. Or Laws 2017, ch 529, § 20.

In support of its argument that we should remand for further proceedings, the state, as an initial matter, acknowledges that defendant was correct when he argued at the resentencing hearing that the sentence imposed on Count 6 cannot exceed the statutory maximum of 120 months' imprisonment. Next, the state contends that, when the trial court entered the June 2019 judgment and imposed only a 70-month prison sentence—rather than the 120-month prison sentence it had imposed in the temporary sentencing order it entered after the hearing—it was probably a clerical error rather than a deliberate choice to reduce the sentence.[2] The state points out that the judgment continued

---

[2] The state acknowledges, however, that, "if the 70-month sentence imposed in the June 2019 judgment was a deliberate judicial choice—rather than a clerical mistake—then the sentencing court may not have had authority to enter an amended judgment to reimpose the 120-month sentence."

to describe that sentence as an "upward durational departure," even though it was not, and that it reflected zero months of post-prison supervision, which would not be correct if the court had intended to impose a sentence of only 70 months' imprisonment. *See* OAR 213-005-0002(2), (4). Finally, the state notes that the 120-month sentence as imposed in the amended judgment is the same sentence that was imposed in the temporary sentencing order.

We agree with the state that, based on the record here, it is possible that the trial court was attempting to correct a clerical error when it entered the amended judgment. The trial court had stated at the resentencing hearing that it intended to follow the state's sentencing recommendation and was imposing an "upward departure sentence," and the temporary order it entered included a sentence of 120 months' imprisonment on Count 6. The trial court then entered a judgment that imposed only 70 months' imprisonment on that count, and then several months later entered the amended judgment that reflected 120 months' imprisonment. As noted above, the record does not reflect that the parties were given advance written notice as required by ORS 137.172(1) for the court to correct a clerical error in the judgment.

Because the trial court would have the authority to correct a clerical error under ORS 137.172(1)—if that is indeed what the trial court was attempting to do—we remand for further proceedings. *See Nobles*, 264 Or App at 582 (vacating and remanding for further proceedings when trial court failed to provide written notice before amending judgment); *State v. Hannemann*, 261 Or App 582, 323 P3d 534 (2014) (vacating and remanding when trial court failed to provide written notice before correcting omission in a judgment of conviction). The remand is solely for purposes of addressing the sentence on Count 6.

Amended judgments vacated and remanded; otherwise affirmed.