***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted December 20, 2022, affirmed May 10, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ABDALLA BUREY SHEIKHWALI,
aka Abdalla Burey Sheikwali,
*Defendant-Appellant.*

Multnomah County Circuit Court
120431795; A175134

Leslie M. Roberts, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal proceeding, defendant appeals from an amended judgment that clarified his eligibility for alternative incarceration programs (also known as AIP eligibility), raising five assignments of error that challenge the trial court's actions or inactions surrounding the amended judgment. For the reasons explained below, we reject each of defendant's challenges because any error was either harmless or because defendant's challenges are not reviewable in this appellate proceeding. Accordingly, we affirm.

Because the parties are familiar with the undisputed procedural facts, we provide a limited recitation as background for this nonprecedential memorandum disposition. In 2012, a jury found defendant guilty of numerous crimes arising out of an incident where defendant shot the victim several times after a fistfight but did not kill the victim. In sentencing defendant, the trial court intended the firearm minimum to apply only to Count 1, attempted murder, and denied AIP eligibility for each conviction. In 2014, defendant sought post-conviction relief alleging, among other claims, inadequate assistance of counsel for failing to argue that two verdicts merged. Although the post-conviction court denied relief, the parties settled the case while the appeal was pending, agreeing that the trial court should enter an amended judgment. Thus, in 2017, the trial court entered an amended judgment merging two verdicts, changing defendant's AIP eligibility, and imposing a firearm-minimum sentence on one of the counts. We then dismissed the post-conviction appeal as moot. In 2020, defendant filed a Motion for Modification of Sentence under ORS 137.172, challenging the imposition of a firearm minimum on two counts, his criminal history classification, and the imposition of an upward departure sentence. While that motion was pending, the Department of Corrections sent the prosecutor a letter, which was later filed with the trial court, seeking clarification regarding defendant's AIP eligibility. Without ruling on defendant's motion to modify his sentence, the trial court entered a second amended judgment that clarified his AIP eligibility. Defendant now appeals from that second amended judgment.

*Failure to hold a hearing.* In his first assignment of error, defendant contends that the trial court erred when it amended the judgment (or, more precisely, amended the amended judgment) without announcing the change in open court in defendant's presence. Defendant asserts that, although the trial court's amended judgment clarifies that he is AIP eligible, the failure to pronounce sentence in open court prevented him from asking for an alternative remedy. Defendant's argument, however, runs contrary to our decision in *State v. Riley*, 195 Or App 377, 384, 97 P3d 1269 (2004), *rev den*, 340 Or 673 (2006) (concluding that the trial court's error in failing to provide written notice to the parties and amending the judgment outside the presence of the defendant was harmless because "the modification did not involve disputed facts or the exercise of judicial discretion"); *see also State v. Champagne*, 325 Or App 76, 89, 527 P3d 1067 (2023) (concluding that the trial court's error in entering an amended judgment without providing notice to all parties was harmless). That is, in this case, the trial court issued an amended judgment to reflect its original intent that defendant was AIP eligible; the amended judgment did not modify any other part of defendant's sentence. Accordingly, we reject defendant's first assignment of error.

*Gun minimum.* In his second assignment of error, defendant argues that the trial court erred when it failed to correct the judgment to eliminate the gun minimum imposed on Count 2. We cannot reach the merits of that argument, however, because our review of amended judgments is limited to "any part of the judgment affected by the correction or amendment" under ORS 138.105(10)(b).[1] The trial court's 2020 amended judgment, which is the one subject to this appeal, did not correct or amend any portion of the judgment involving the gun minimum. Accordingly, we reject defendant's second assignment of error as unreviewable.

--------

[1] ORS 138.105(10)(b) provides:

"On appeal from a corrected or amended judgment that is entered after expiration of the applicable period under ORS 138.071(1) or (2) during which the original judgment was or could have been appealed, the appellate court has authority to review, as provided in this section, only the corrected or amended part of the judgment, any part of the judgment affected by the correction or amendment, or the trial court's decision under ORS 137.172 not to correct or amend the judgment."

*Jury verdicts.* In his third, fourth, and fifth assignments of error, defendant contends that the trial court erred by instructing the jury that it could convict by a nonunanimous verdict, by accepting a nonunanimous verdict on Count 1, and by accepting unanimous verdicts on Counts 2 and 3 after instructing the jury that it could convict by a nonunanimous vote. Like his second assignment of error, however, those assignments of error are focused on portions of the judgment that were not amended in 2020 and, thus, not reviewable under ORS 138.105(10)(b). As noted earlier, the only part of the judgment that was amended related to AIP, *viz.*, adding language to clarify that defendant was AIP eligible. Because we can review only the portion of the judgment that was corrected or amended, we reject defendant's last three assignments of error.[2]

Affirmed.

---

[2] Although we conclude that ORS 138.105(10)(b) bars review of his claims given the procedural posture, defendant potentially could receive post-conviction relief on the nonunanimous jury verdict issue, or the parties could resolve the issue by way of an agreement.